UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

United States of America,

        Plaintiff,

v.

Patrick Daniel Osei,

        Defendant.

Criminal No. 09-314(1) (JNE/JJG)
Criminal No. 10-142 (JNE)
Civil No. 13-2372 (JNE)
Civil No. 13-2373 (JNE)
ORDER

In Criminal No. 09-314(1), Patrick Daniel Osei pleaded guilty to one count of illegal remuneration. In Criminal No. 10-142, he pleaded guilty to two counts of false statements. Several months after he had entered guilty pleas, Osei moved to withdraw them. After denying the motion, the Court sentenced him to 63 months' imprisonment. On the count of illegal remuneration, the Court sentenced him to 57 months' imprisonment. On each count of false statements, the Court sentenced him to 6 months' imprisonment, to be served concurrently with each other and consecutively to the 57-month term of imprisonment. Osei appealed, and the Eighth Circuit affirmed. *United States v. Osei*, 679 F.3d 742 (8th Cir. 2012). The cases are before the Court on Osei's motion under 28 U.S.C. § 2255 (Supp. V 2011).[1] Because the record conclusively shows that he is not entitled to relief, the Court denies the motion without a hearing. *See Engelen v. United States*, 68 F.3d 238, 240 (8th Cir. 1995).

---

[1] Osei also filed an application to proceed in district court without prepaying fees or costs. There is no filing fee associated with a motion under § 2255, *United States v. Garcia*, 164 F. App'x 785, 786 (10th Cir. 2006), and Osei has not demonstrated that in forma pauperis status is otherwise warranted. The Court denies the application.

After the government had responded to Osei's § 2255 motion, Osei submitted a letter that asked when his reply to the government's response was due. The Court declines to solicit a reply from Osei. *See Kemp v. United States*, 52 F. App'x 731, 733-34 (6th Cir. 2002); *Malizzio v. United States*, 46 F.3d 1133 (7th Cir. 1995) (unpublished table decision); *United States v. Moreno*, Crim. No. 11-178, 2013 WL 1104766, at *1 (D. Minn. Mar. 18, 2013) ("[T]he Government's Response does not give the Defendant an automatic right to reply.").

*Ground one*

Osei asserts that relief under § 2255 is appropriate because of "[g]overnment misuse of unconfirmed evidence to obtain an indictment." "[A] valid plea waives all non-jurisdictional objections, such as that the indictment was based on false information." *United States v. Schmitz*, 887 F.2d 843, 844 (8th Cir. 1989) (per curiam) (affirming denial of § 2255 motion). Having entered a valid guilty plea,[2] Osei waived his claim of government misuse of evidence to obtain an indictment. The Court rejects this claim.

*Ground two*

Osei maintains that he received ineffective assistance of counsel. The two-part test of *Strickland v. Washington*, 466 U.S. 668 (1984), "applies to challenges to guilty pleas based on ineffective assistance of counsel." *Hill v. Lockhart*, 474 U.S. 52, 58 (1985). Osei must demonstrate that his attorney's representation fell below an objective standard of reasonableness and that "there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Id.* at 57-59.

Osei claims that he pleaded guilty on the advice of his attorney after his attorney had made misrepresentations about the evidence in the government's possession. According to Osei, his attorney visited the United States Attorney's Office in April 2010, reviewed evidence, and claimed he had watched a videotape that showed Osei on November 8, 2007, paying $100 for a referral and offering to pay $200 for additional referrals. In May 2012, Osei asserts that he first saw a report of the November 8, 2007, meeting. The report, prepared by a special agent of the

---

[2] On appeal, Osei argued that the Court had erred in denying his motion to withdraw his guilty pleas. Stating that "there is no indication in the record of any fair and just reason to allow Osei to withdraw his guilty pleas," the Eighth Circuit held that the Court had not abused its discretion in refusing to allow Osei to withdraw his guilty pleas. *Osei*, 679 F.3d at 746-47.

FBI, indicates that "[a] recording of the conversation was not acquired due to operator error of the recording device."

At the hearing on Osei's motion to withdraw his guilty pleas, Osei testified that he, his attorney, and an investigator had reviewed videotapes provided by the government. He also testified that he had reviewed a log prepared by his investigator. Osei was asked, "[W]as there any information about that that [your attorney] gave you that affected the representation?" He replied: "Yes. What he told me was he said just looking at the information and also talking to [the investigator], I had a very good defense in regards to that packet." The log stated that the defense did not have a recording of the meeting on November 8, 2007, and that there was no recording due to "operator error." Osei also testified that his attorney had stated the government's case was very weak. His attorney's opinion changed after a meeting at the United States Attorney's Office. After that meeting, Osei discussed the case with his attorney. Osei described their discussion:

> Things changed. We had gone to the U.S. Attorney's Office, [my attorneys], myself, and [the investigator]. When we went to the U.S. Attorney's Office, I stayed outside, and they went inside for the meeting. And when they came back, [my attorneys] and myself . . . went downstairs, and we had a meeting.
>
> And at that meeting, [my attorney] told me that there are about 14 people that the government is claiming that you defrauded. I don't have a problem with the tapes that you've reviewed. I have an issue with the ones that the information that the government says they have.
>
> The government says they talked to people. The have testimonies. They have some very good information. As a matter of fact, he told me that [the prosecutor] took him to the room where my stuff was stored, and he said that -- he didn't say [the prosecutor] said this, but he said the government says that they have a lot of information from people that he spoke to. And based on that information, it doesn't look like you have -- you would have a good defense. He says they spoke to a lot of people that claim that they have been defrauded by you.

3

Osei testified that he asked his attorney for the evidence, that his attorney stated he had not seen the evidence but believed the government had it, and that his attorney never showed the evidence to him.

Osei's present claim of ineffective assistance of counsel contradicts his testimony at the hearing on his motion to withdraw his guilty pleas. His claim of ineffective assistance of counsel does not warrant relief under § 2255. *See Engelen*, 68 F.3d at 240 (stating that a § 2255 motion may be dismissed without a hearing if the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact); *Holloway v. United States*, 960 F.2d 1348, 1358 (8th Cir. 1992) ("We therefore conclude that the fact that Holloway has managed to make a single, self-serving, self-contradicting statement is insufficient to render the motion, files, and records of this case inconclusive on the question of whether Holloway instructed his counsel to appeal.").

### ***Ground three***

Osei's third claim is "[m]isleading evidence by government to secure conviction and enhance overall sentence." To the extent Osei claims that the government used misleading evidence to secure his conviction, the Court rejects the claim for essentially the same reasons that are set forth in the discussion of his first claim. *See United States v. Smith*, 422 F.3d 715, 724 (8th Cir. 2005) ("It is a well-established legal principle that a valid plea of guilty is an admission of guilt that waives all nonjurisdictional defects and defenses."); *United States v. Shaffer*, 27 F. App'x 711, 713 (8th Cir. 2001) (per curiam) ("Mr. Shaffer's improper-prosecution argument [that the prosecution was dishonest and orchestrated to incite fear] is wholly conclusory and waived by his guilty plea."). To the extent Osei claims that the government used misleading evidence to enhance his sentence, the Court rejects the claim for essentially the same reasons that are set forth in the discussion of his fifth and sixth claims.

*Ground four*

In his fourth claim, Osei contends that he received ineffective assistance of counsel because his attorney did not prepare for trial. Approximately two months after the indictment was returned in Criminal No. 09-314(1), Osei filed several motions, including motions that sought the government's witness list, an order compelling government agents to retain rough notes taken during the investigation, disclosure of evidence the government intended to offer under Rule 404 of the Federal Rules of Evidence, an order requiring early disclosure of Jencks Act material, an order permitting defense counsel to question the panel during voir dire, an order sequestering witnesses, disclosure of statements of co-defendants and co-conspirators, an order severing his case from that of his co-defendants, and an order requiring the government to disclose the identity of confidential informants. In January 2010, Osei moved for an order continuing the motion hearing from February to March 2010. Osei's motion stated:

> The discovery in this case, as well material seized from Defendant's business that is not specifically intended for duplication as discovery, is voluminous. Undersigned counsel and the private investigator for the defense continue to review these materials with Defendant at counsel's office and at the office of the U.S. Attorney. It remains the intent of undersigned counsel and the Assistant U.S. Attorney to conduct discussions regarding a possible settlement of this case once defense staff has completed a review of all relevant materials.

In late February 2010, Osei asked that the motion hearing be postponed for approximately two weeks. The request indicated that "the parties are essentially in agreement as to an appropriate resolution of this matter." On March 10, 2010, a change of plea hearing was scheduled to take place on April 7, 2010, and the parties withdrew their motions. The change of plea hearing was rescheduled to April 20, 2010, when Osei pleaded guilty.

In Criminal No. 10-142, Osei waived his right to be charged by indictment and pleaded guilty to two counts of an information. In the plea agreement, Osei agreed to give up the right to pursue pre-trial motions.

Osei's claim that he received ineffective assistance of counsel because his attorney failed to prepare for trial has no merit. *See Engelen*, 68 F.3d at 240 (stating that a § 2255 motion may be dismissed without a hearing if the allegations cannot be accepted as true because they are contradicted by the record, are inherently incredible, or are conclusions rather than statements of fact). The Court rejects the claim.

### *Ground five*

Osei's fifth claim is "[n]o sentence reduction consideration despite foregoing trial."[3] He asserts that "[t]he Court erred in never extending a single concession in sentencing." Osei did not raise his fifth claim on appeal,[4] and he has not demonstrated that it may be considered now. *See Sun Bear v. United States*, 644 F.3d 700, 704 (8th Cir. 2011) (en banc); *United States v. Perales*, 212 F.3d 1110, 1111-12 (8th Cir. 2000); *Auman v. United States*, 67 F.3d 157, 160-62 (8th Cir. 1995); *Anderson v. United States*, 25 F.3d 704, 706-07 (8th Cir. 1994). The Court rejects the claim.

### *Ground six*

Osei's sixth claim is "[r]eversible error exists in U.S.S.G. levels and true total monetary loss." For essentially the same reasons that are set forth in the discussion of Osei's fifth claim, the Court rejects this claim.

---

[3] At the hearing on his motion to withdraw his guilty pleas, Osei was asked, "You understand by attempting to withdraw your plea, that you may lose that three level reduction [for acceptance of responsibility] if the Judge doesn't grant your motion?" Osei responded, "That's correct."

[4] On appeal, Osei argued that the Court had erred by imposing a substantively unreasonable sentence. He claimed that the Court had failed to "adequately take into account the fact that he eventually returned a $63,000 check on his own initiative in order 'to rectify and mitigate any loss incurred by the government due to misstatements.'" *Osei*, 679 F.3d at 747. He also argued that there was an unwarranted sentencing disparity. *Id.* at 748. The court of appeals rejected his arguments. *Id.*

*Ground seven*

Osei asserts that assets were improperly frozen, seized, or forfeited; that assets were later returned; that "[t]he mishandling of the forfeiture resulted in Petitioner being denied the full benefit in hiring competent and adequate counsel"; and that "[t]he forfeiture impacted Petitioner insofar as creating otherwise unnecessary delays in forming a complete defense against these charges." Osei's claim has no merit. *See United States v. Monsanto*, 491 U.S. 600, 614 (1989); *Thompson v. United States*, 7 F.3d 1377, 1379 (8th Cir. 1993). The Court rejects it.

*Conclusion*

An appeal cannot be taken from a final order denying a motion under § 2255 without a certificate of appealability. 28 U.S.C. § 2253(c)(1)(B) (2006); Fed. R. App. P. 22(b)(1). A court cannot issue a certificate of appealability unless the applicant has made a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Where a district court rejects claims on procedural grounds, a certificate of appealability "should issue when the prisoner shows . . . that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* Here, Osei has not demonstrated that reasonable jurists would find the rejection of his claims debatable or wrong. Thus, the Court declines to issue a certificate of appealability.

Based on the files, records, and proceedings herein, and for the reasons stated above, IT IS ORDERED THAT:

1. Osei's § 2255 motion [Docket No. 201 in Criminal No. 09-314(1) & Docket No. 50 in Criminal No. 10-142] is DENIED.

2. Osei's application to proceed in district court without prepaying fees or costs [Docket No. 202 in Criminal No. 09-314(1) & Docket No. 51 in Criminal No. 10-142] is DENIED.

3. A certificate of appealability is DENIED.

LET JUDGMENT BE ENTERED ACCORDINGLY.

Dated: November 6, 2013

s/Joan N. Ericksen
JOAN N. ERICKSEN
United States District Judge